# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SMITH,<br><br>    Petitioner,<br><br>    v.<br><br>A. CIOLLI,<br><br>    Respondent. | Case No. 1:20-cv-01363-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 7)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. (ECF No. 1 at 1).[1] Petitioner was convicted after a jury trial in the United States District Court for the Southern District of Florida of carjacking, in violation of 18 U.S.C. § 2119, and possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (App. 94–95, 100).[2] On February 24, 2003, Petitioner was sentenced to life in

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] "App." refers to the Appendix lodged by Respondent on December 1, 2020. (ECF No. 7-1). App. page numbers refer to the page numbers stamped at the bottom right corner.

1  prison for the carjacking offense plus sixty months consecutive imprisonment for the unlawful
2  possession of a firearm offense. (App. 101–06). On April 13, 2004, the Eleventh Circuit affirmed
3  the judgment. (App. 109). On January 24, 2005, the United States Supreme Court granted
4  *certiorari*, vacated the judgment, and "remanded to the United States Court of Appeals for the
5  Eleventh Circuit for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125
6  S.Ct. 738, 160 L.Ed.2d 621 (2005)." Smith v. United States, 543 U.S. 1101 (2005).

7  Subsequently, on April 8, 2005, the Eleventh Circuit reinstated its previous opinion and
8  affirmed the judgment. United States v. Mosley, 143 F. App'x 297 (11th Cir. 2005) (unpublished
9  table decision). The Supreme Court denied *certiorari*. Smith v. United States, 546 U.S. 939
10 (2005), reh'g denied, 546 U.S. 1133 (2006).

11 On December 4, 2006, Petitioner filed a motion to vacate, set aside, or correct sentence
12 pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of
13 Florida. (App. 110–11). On March 30, 2007, the district judge adopted the report and
14 recommendation to deny the motion and denied Petitioner's § 2255 motion. (App. 112). The
15 Eleventh Circuit denied Petitioner's motion for certificate of appealability because Petitioner
16 "failed to make a substantial showing of the denial of a constitutional right." (App. 116–20).
17 Subsequently, the district court denied Petitioner's motion to void the judgment under Federal
18 Rule of Civil Procedure 60(b)(4) on May 6, 2009. (App. 121).

19 On November 1, 2014, Petitioner moved to modify his sentence pursuant to 18 U.S.C.
20 § 3582. (App. 122–32). The district court denied the motion for lack of jurisdiction. On
21 September 4, 2015, the Eleventh Circuit affirmed. (App. 135–37).

22 On May 30, 2018, Petitioner moved to dismiss his convictions. (App. 138–58). On June
23 8, 2018, the district court denied the motion for lack of jurisdiction. (App. 159).

24 In 2019, Petitioner filed a motion for sentence reduction under the First Step Act and 18
25 U.S.C. § 3582 and a supplemental motion. (App. 161–34). On February 7, 2020, the district
26 court denied Petitioner's motions, finding that Petitioner did not qualify for compassionate
27 release, had not exhausted his prison administrative rights, and Petitioner's conviction for
28 carjacking did not entitle him to a reduction under the First Step Act. (App. 313).

1         On November 16, 2020, Petitioner filed another motion for relief under the First Step 2 Act. (App. 315–64). It is currently pending in the United States District Court for the Southern 3 District of Florida. (ECF No. 7 at 3).

4         Meanwhile, on September 24, 2020, Petitioner filed the instant petition for writ of habeas 5 corpus pursuant to 28 U.S.C. § 2241. Therein, Petitioner asserts that he is actually innocent of his 6 sentence. Petitioner argues that he was improperly sentenced to life imprisonment based on a 7 then-mandatory application of a cross-reference in the Sentencing Guidelines for murder, but 8 that he was never indicted for, or convicted by a jury of, murder. (ECF No. 1 at 3, 8). On 9 December 1, 2020, Respondent filed a motion to dismiss, arguing that Petitioner's claim may not 10 be raised under § 2241 and Petitioner has failed to establish that he qualifies for the escape hatch. 11 (ECF No. 7). On December 29, 2020, Petitioner filed an opposition. (ECF No. 9).

## II.

## DISCUSSION

14         A federal prisoner who wishes to challenge the validity or constitutionality of his federal 15 conviction or sentence must do so by moving the court that imposed the sentence to vacate, set 16 aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 17 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive 18 means by which a federal prisoner may test the legality of his detention, and that restrictions on 19 the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. 20 § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

21         Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal 22 prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 23 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 24 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 25 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per 26 curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 27 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed 28 inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy

3

under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Southern District of Florida as the sentencing court.

A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). The Court will begin its analysis with the second factor.

The claim Petitioner seeks to present in his § 2241 petition is that he was improperly sentenced to life imprisonment based on a then-mandatory application of a cross-reference in the Sentencing Guidelines for murder, but that he was never indicted for, or convicted by a jury of, murder. (ECF No. 1 at 3, 8). In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Subsequently, in Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court clarified "that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Id. at 303 (emphasis in original). "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' and the judge exceeds his proper authority." Id. at 304 (quoting 1 J. Bishop, Criminal Procedure § 87, at 55 (2d ed. 1872)).

///

///

///

Here, Petitioner was found guilty of carjacking, in violation of 18 U.S.C. § 2119, which provides:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> (1) be fined under this title or imprisoned not more than 15 years, or both,
>
> (2) if serious bodily injury (as defined in section 1365 of this title, including any conduct that, if the conduct occurred in the special maritime and territorial jurisdiction of the United States, would violate section 2241 or 2242 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
>
> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119.

Under 18 U.S.C. § 2119, the penalty for carjacking is increased beyond the prescribed statutory maximum of 15 years if death results from the offense. Additionally, the Sentencing Guidelines increase the penalty imposed if death results from the offense. See U.S. Sentencing Guidelines Manual §§ 2B3.1(c)(1), 2A1.1(a). Accordingly, pursuant to Apprendi and Blakely, the determination of whether death resulted from the offense must be submitted to a jury and proved beyond a reasonable doubt before Petitioner could be sentenced to the enhanced penalty.

The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Ivy, 328 F.3d at 1060 ("In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion."). To determine whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060–61). "An intervening court decision must 'effect a material change in the applicable law' to establish unavailability." Alaimalo, 645 F.3d at 1047 (quoting Harrison, 519 F.3d at 960). That

1 is, an intervening court decision must "constitute[] a *change* in the law *creating a previously*
2 *unavailable* legal basis for petitioner's claim." Harrison, 519 F.3d at 961 (second emphasis
3 added) (citing Ivy, 328 F.3d at 1060).

4   Apprendi and Blakely were both decided before Petitioner filed his first § 2255 motion
5 on December 4, 2006. Therefore, Petitioner does not establish that the legal basis for his claim
6 did not arise until after he had exhausted his direct appeal and first § 2255 motion or that the law
7 changed in any way relevant to his claim after his first §2255 motion. See Harrison, 519 F.3d at
8 960. To the extent that Petitioner argues that his actual innocence claim is based on United States
9 v. Booker, 543 U.S. 220 (2005), which held that the provision of the federal sentencing statute
10 that made the Sentencing Guidelines mandatory was incompatible with the Sixth Amendment,
11 thus rendering the Guidelines effectively advisory,[3] the Court finds that Petitioner fails to show
12 that he did not have an unobstructed procedural shot to assert his claim. Although on remand the
13 Eleventh Circuit held that Petitioner "was procedurally barred from relief on the Booker issue
14 because of his failure to raise the issue when the case was first before" the Eleventh Circuit,
15 (ECF No. 9 at 5), Petitioner could have subsequently raised the Booker issue in his first § 2255
16 motion.

17   Based on the foregoing, Petitioner fails to show that he did not have an unobstructed
18 procedural shot to assert his claim that he was improperly sentenced to life imprisonment based
19 on a then-mandatory application of a cross-reference in the Sentencing Guidelines for murder
20 without having been indicted for, or convicted by a jury of, murder. Petitioner does not establish
21 that the legal basis for his claim did not arise until after he had exhausted his direct appeal and
22 first § 2255 motion or that the law changed in any way relevant to his claim after his first §2255
23 motion. See Harrison, 519 F.3d at 960.

24   "[F]or Petitioner's claim to be a legitimate § 2241 petition, he must satisfy both . . .
25 requirements." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012). As Petitioner has failed to

---

[3] Although Petitioner cites to Booker, the substance of Petitioner's actual innocence claim is not the then-mandatory nature of the Sentencing Guidelines at the time of his sentencing, but rather that he was sentenced to life imprisonment based on the application of a cross-reference in the Sentencing Guidelines for murder without being indicted for, or convicted by a jury of, murder, which implicates Apprendi and Blakely.

6

establish that he never had an unobstructed procedural shot to assert his claim, Petitioner cannot proceed under the escape hatch. Accordingly, this Court lacks jurisdiction over the petition, and the petition should be dismissed.

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 7) be GRANTED and the petition be DISMISSED.

Further, Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 16, 2021**

UNITED STATES MAGISTRATE JUDGE