# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SMITH, | Case No. 1:20-cv-01363-AWI-SAB-HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |
| v. | |
| A. CIOLLI, | |
| Respondent. | |
| | (ECF Nos. 7, 11) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 16, 2021, the Magistrate Judge issued Findings and Recommendation recommending that Respondent's motion to dismiss be granted and the petition for writ of habeas corpus be dismissed for lack of jurisdiction as Petitioner failed to satisfy the criteria to bring a § 2241 petition pursuant to the escape hatch of 28 U.S.C. § 2255(e). (ECF No. 11). The Findings and Recommendation was served the parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the Findings and Recommendation. On June 30, 2021, Petitioner filed timely objections. (ECF No. 12).

///

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted

2 a de novo review of the case. Having carefully reviewed the entire file, including Petitioner's

3 objections, the Court concludes that the Findings and Recommendation is supported by the

4 record and proper analysis.

5    "Generally, motions to contest the legality of a sentence must be filed under § 2255,"

6 Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000), but a "federal prisoner may file a

7 habeas petition under § 2241 [pursuant to the savings clause or escape hatch] to challenge the

8 legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to

9 test the legality of his detention,'" Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). A

10 petitioner may proceed under § 2241 pursuant to the savings clause or escape hatch when the

11 petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and,

12 (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy v. Pontesso,

13 328 F.3d 1057, 1060 (9th Cir. 2003) (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.

14 2000)).

15    In his objections, Petitioner's argument is focused on whether he received a pre-Booker

16 mandatory guidelines sentence and thus, is able to state a claim of actual innocence of a

17 mandatory sentencing enhancement for the purpose of qualifying for the escape hatch, like the

18 petitioner in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020). (ECF No. 12 at 2).[1] However, the basis

19 for the recommendation of dismissal is the finding that "Petitioner fails to show that he did not

20 have an unobstructed procedural shot to assert his claim that he was improperly sentenced to life

21 imprisonment based on a then-mandatory application of a cross-reference in the Sentencing

22 Guidelines for murder without having been indicted for, or convicted by a jury of, murder."

23 (ECF No. 11 at 6). Regardless of whether Petitioner's sentence was mandatory under a

24 mandatory sentencing scheme, Petitioner has not established that he was unable to present either

25 on direct appeal or in his first § 2255 motion his claim that his sentence was enhanced for murder

26 without having been indicted for, or convicted by a jury of, murder.

27 ///

28 ───────────────────────
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

"Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." Harrison, 519 F.3d at 958. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on June 16, 2021 (ECF No. 11) is ADOPTED;

2. Respondent's motion to dismiss (ECF No. 7) is GRANTED;

3. The petition for writ of habeas corpus is DISMISSED;

4. The Clerk of Court is directed to CLOSE the case; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   July 26, 2021   

_____

SENIOR  DISTRICT  JUDGE