# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SMITH,<br><br>   Petitioner,<br><br>  v.<br><br>A. CIOLLI,<br><br>   Respondent. | Case No. 1:20-cv-01363-AWI-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>(ECF No. 15) |

  Petitioner is a federal prisoner who proceeded *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 26, 2021, the Court dismissed Petitioner's petition for writ of habeas corpus for lack of jurisdiction as Petitioner failed to satisfy the criteria to bring a § 2241 petition pursuant to the escape hatch of 28 U.S.C. § 2255(e) and judgment was entered. and this case was closed. (ECF Nos. 13, 14). On August 16, 2021, the Court received the instant motion to alter or amend the judgment pursuant to Rule 59(e). (ECF No. 15).

  The Ninth Circuit has recognized that altering or amending a judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent

1

manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

The arguments in the Rule 59(e) motion were raised in the response to the motion to dismiss and the objections to the findings and recommendation, which the Court reviewed and considered when it conducted a *de novo* review of the case. Petitioner argues that his actual innocence claim could not be raised in his first § 2255 motion "because the *Booker*[1] claim was not ripe for direct appeal, and therefore, issues not presented on direct appeal are not actionable in a 2255 motion." (ECF No. 15 at 2).[2] *Booker* was decided almost two years prior to the filing of Petitioner's first § 2255 motion. Therefore, Petitioner could have raised his *Booker* claim in his first § 2255 motion even if there was a potential procedural default bar[3] to overcome. The record does not establish that the legal basis for Petitioner's actual innocence claim did not arise until after Petitioner's first § 2255 motion. *See Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) ("In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, . . . we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." (citation omitted)).

Accordingly, the Court finds that the extraordinary relief under Rule 59(e) is not warranted. IT IS HEREBY ORDERED Petitioner's motion to alter or amend the judgment (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated: September 20, 2021

SENIOR DISTRICT JUDGE

---

[1] *United States v. Booker,* 543 U.S. 220 (2005).
[2] Page numbers refer to ECF pagination stamped at the top of the page.
[3] "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States,* 523 U.S. 614, 622 (1998) (internal citations omitted).